1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>FRESNO COUNTY JAIL,<br><br>          Defendant. | **CASE No. 1:16-cv-00132-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) She has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

I.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

1  determines that . . . the action or appeal . . . fails to state a claim upon which relief may
2  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  **II.    PLEADING STANDARD**

4       Section 1983 "provides a cause of action for the deprivation of any rights,
5  privileges, or immunities secured by the Constitution and laws of the United States."
6  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
7  Section 1983 is not itself a source of substantive rights, but merely provides a method for
8  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94
9  (1989).

10      To state a claim under § 1983, a plaintiff must allege two essential elements:
11  (1) that a right secured by the Constitution or laws of the United States was violated and
12  (2) that the alleged violation was committed by a person acting under the color of state
13  law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d
14  1243, 1245 (9th Cir. 1987).

15      A complaint must contain "a short and plain statement of the claim showing that
16  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations
17  are not required, but "[t]hreadbare recitals of the elements of a cause of action,
18  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
19  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
20  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief
21  that is plausible on its face." Id. Facial plausibility demands more than the mere
22  possibility that a defendant committed misconduct and, while factual allegations are
23  accepted as true, legal conclusions are not. Id. at 677-78.

24  **III.   PLAINTIFF'S ALLEGATIONS**

25      Plaintiff is housed at the Fresno County Jail. Her custodial status is unclear –
26  Plaintiff does not specify whether she is being held pre-trial or already has been
27  convicted. She names the Fresno County Jail as Defendant. Her allegations may be
28  summarized essentially as follows.

1    There is mildew, black mold, and rust in the shower and living area of the jail.

2    Plaintiff alleges that these conditions violate her Eighth Amendment right to be

3    free from cruel and unusual punishment. She seeks compensatory damages and to

4    have females moved to a different jail facility.

5    **IV.    ANALYSIS**

6        **A.    Conditions of Confinement**

7    Although Plaintiff alleges claims for violation of the Eighth Amendment, it is

8    unclear whether she was a convicted prisoner or a pretrial detainee at the time of the

9    events in question. The Cruel and Unusual Punishments Clause of the Eighth

10   Amendment protects convicted prisoners from inhumane conditions of confinement.

11   Farmer v. Brennan, 511 U.S. 825, 832 (1994); Bell v. Wolfish, 441 U.S. 520, 535 (1979);

12   Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Conditions of confinement claims

13   brought by pretrial detainees are analyzed under the Due Process Clause of the

14   Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of

15   the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir.

16   2003). However, the Eighth Amendment's deliberate indifference standard also sets the

17   minimum standard of care due pretrial detainees.  Id. at 1120.

18   Under the Eighth Amendment, a conditions of confinement claim has both an

19   objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the

20   deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the

21   minimal civilized measure of life's necessities." Id.  "[E]xtreme deprivations are required

22   to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. Second, the

23   prison official must have acted with "deliberate indifference" to a substantial risk of

24   serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient

25   to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a

26   plaintiff must set forth facts to show that a defendant knew of, but disregarded, an

27   excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official

28

1  must both be aware of facts from which the inference could be drawn that a substantial

2  risk of serious harm exists, and he must also draw the inference." Id.

3      There is some question whether, after the decision in Kingsley v. Hendrickson,

4  135 S. Ct. 2466 (2015), a pre-trial detainee alleging a Fourteenth Amendment conditions

5  of confinement claim must specifically allege deliberate indifference. See Hatter v. Dyer,

6  No. 2:14-cv-616-AG (GJS), 2015 WL 9613769 (C.D. Cal. Dec. 31, 2015) (discussing

7  Kingsley and concluding that pre-trial detainees still must allege deliberate indifference).

8  Kingsley addressed a Fourteenth Amendment excessive force claim, and held that such

9  a claim requires a showing that the force used was "objectively unreasonable," rather

10  than a showing of the officer's subjective state of mind. Courts thus far have declined to

11  extend Kingsley beyond the excessive force context. See, e.g., Hatter, 2015 WL

12  9613769 (declining to extent to conditions of confinement claims); Castro v. Cnty. of Los

13  Angeles, 797 F.3d 654 (9th Cir. 2015) (declining to extent to failure to protect claims).

14  Nevertheless, the effect of Kingsley in this context remains an open question. The Court

15  need not resolve the applicable standard at this juncture because Plaintiff's allegations

16  fail under either standard.

17      First, Plaintiff has not alleged sufficient facts to demonstrate that the deprivation at

18  issue is sufficiently serious. The Ninth Circuit has determined that "subjection of a

19  prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of

20  pain within the meaning of the Eighth Amendment." Anderson v. Cnty. of Kern, 45 F.3d

21  1310, 1314, opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir.1995) (holding an

22  inmate must demonstrate that the sanitary limitations imposed on him or her were more

23  than temporary). According to Plaintiff, there is mildew, mold, and rust in the showers

24  and living areas of the jail. However, Plaintiff fails to allege how, if at all, the presence of

25  these conditions have caused her harm or how the deprivation was so severe as to

26  constitute a deprivation of minimal life necessities.

27      Absent such facts, the Court cannot conclude that the conditions were "objectively

28  unreasonable" under the Kingsley standard. And, assuming Plaintiff instead must allege

4

1   deliberate indifference, the Court notes that Plaintiff has failed to name any individual

2   Defendants in this action. She therefore has not pled that any particular person knew of,

3   but disregarded, a substantial risk to her health or safety caused by the unsanitary

4   conditions. Nor has she alleged that the jail acted with such state of mind.

5       Accordingly, Plaintiff's allegations fail to state a conditions of confinement claim.

6   Plaintiff will be given leave to amend. If she chooses to do so, she must allege sufficient

7   facts to show that the unsanitary conditions at the jail are severe or prolonged, and

8   objectively unreasonable. Furthermore, given the uncertainty regarding the effect of

9   Kingsley on conditions of confinement claims, Plaintiff should show, to the extent she is

10  able, that a particular official at the jail – or the jail itself – was deliberately indifferent to

11  the risks caused by these conditions.

12      **B.    Municipal Liability**

13      The sole Defendant in this action is the Fresno County Jail.

14      Municipalities and other local government units are subject to suit under section

15  1983. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012) (citing Monell

16  v. Department of Social Services, 436 U.S. 658, 690, (1978)). However, a local

17  government unit may only be held liable if it inflicts the injury complained of.  Monell, 436

18  U.S. at 694; Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).

19      Generally, a claim against a local government unit for municipal or county liability

20  requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving

21  force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles,

22  477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385

23  (1989). Alternatively, and more difficult to prove, municipal liability may be imposed

24  where the local government unit's omission led to the constitutional violation by its

25  employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff

26  must show that the municipality's deliberate indifference led to its omission and that the

27  omission caused the employee to commit the constitutional violation." Id. Deliberate

28  indifference requires a showing "that the municipality was on actual or constructive

5

1   notice that its omissions would likely result in a constitutional violation." Id. Municipal

2   liability does not attach for acts of negligence by employees of the jail or for isolated

3   unconstitutional acts by a non policy-making employee. Davis v. City of Ellensburg, 869

4   F.2d 1230, 1234-35 (9th Cir.1989).

5       Plaintiff has not alleged that the unsanitary conditions at the jail result from a

6   deliberate policy, practice or custom. Nor has she alleged that the jail was on actual or

7   constructive notice that omission would result in a constitutional violation. Indeed,

8   Plaintiff has yet to allege sufficient facts to show that a constitutional violation actually

9   resulted. Plaintiff cannot maintain a municipal liability claim in the absence of an

10  underlying constitutional violation. Simmons v. Navajo County, Ariz., 609 F.3d 1011,

11  1021 (9th Cir. 2010).

12      Plaintiff will be given leave to amend.

13  **V.    CONCLUSION AND ORDER**

14      Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an

15  opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

16  Cir. 1987). If Plaintiff chooses to amend, she must demonstrate that the alleged acts

17  resulted in a deprivation of her constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

18  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

19  Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

20  that each named Defendant personally participated in a deprivation of her rights. Jones

21  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22      Plaintiff should note that although she has been given the opportunity to amend, it

23  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

24  Cir. 2007). Plaintiff should carefully read this screening order and focus her efforts on

25  curing the deficiencies set forth above.

26      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

27  complaint be complete in itself without reference to any prior pleading. As a general rule,

28  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

1   55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

2   longer serves any function in the case. Therefore, in an amended complaint, as in an

3   original complaint, each claim and the involvement of each defendant must be

4   sufficiently alleged. The amended complaint should be clearly and boldly titled "First

5   Amended Complaint," refer to the appropriate case number, and be an original signed

6   under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

7   8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

8   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

9   omitted).

10         Accordingly, it is HEREBY ORDERED that:

11         1.  Plaintiff's complaint is dismissed for failure to state a claim upon which relief

12             may be granted;

13         2.  The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a

14             copy of his complaint, filed January 28, 2016;

15         3.  Within thirty (30) days from the date of service of this order, Plaintiff must file a

16             first amended complaint curing the deficiencies identified by the Court in this

17             order or a notice of voluntary dismissal; and

18         4.  If Plaintiff fails to file an amended complaint or notice of voluntary dismissal,

19             this action will be dismissed, with prejudice, for failure to comply with a court

20             order and failure to state a claim, and will be subject to the "three strikes"

21             provision set forth in 28 U.S.C. § 1915(g).

22
23   IT IS SO ORDERED.

24      Dated:   February 19, 2016           /s/ Michael J. Seng

25                                        UNITED STATES MAGISTRATE JUDGE

26

27

28
                                          7