UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONIA JONES, | **CASE No. 1:16-cv-00132-MJS (PC)** |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF No. 7)** |
| FRESNO COUNTY JAIL, | **THIRTY (30) DAY DEADLINE** |
| Defendant. | |

Plaintiff is a County Jail inmate proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) She has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, and she was given leave to amend. (ECF No. 6.) Her first amended complaint is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.     PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate serving a four year term at the Fresno County Jail. She names the Fresno County Jail as Defendant. Although not listed in her caption, her complaint also appears to state allegations against the Fresno County Sheriff's Department. The Court will liberally construe Plaintiff's complaint as intending to name the Sheriff's Department as a Defendant.

Plaintiff's allegations may be summarized essentially as follows.

There is mildew, black mold, and rust in the shower and living area of the jail. According to Plaintiff, the jail is 100 years old and has been condemned three times. The Sheriff's Department knows that the conditions in the jail are unsafe and unhealthy but continues to house inmates there. As a result of the living conditions, Plaintiff has red spots all over her body. Medical staff has been unable to identify the spots. Plaintiff must undergo breathing treatments three to six times per month. She uses an inhaler twice a day and has high blood pressure.

Plaintiff also alleges that there is too little space for inmates in the jail. The sleeping areas are ten by ten with four beds. There are insufficient seats for the number of inmates in each housing pod to eat meals. There is no separate room for inmates to walk in.

Plaintiff alleges that these conditions violate her Eighth Amendment right to be free from cruel and unusual punishment. She seeks "medical help," money damages, and to have female inmates moved to a different jail facility.

### IV.     ANALYSIS

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825,

1  832 (1994); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386,
2  395 n.10 (1989). Under the Eighth Amendment, a conditions of confinement claim has
3  both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the
4  deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the
5  minimal civilized measure of life's necessities." Id. "[E]xtreme deprivations are required
6  to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. Second, the
7  prison official must have acted with "deliberate indifference" to a substantial risk of
8  serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient
9  to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a
10 plaintiff must set forth facts to show that a defendant knew of, but disregarded, an
11 excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official
12 must both be aware of facts from which the inference could be drawn that a substantial
13 risk of serious harm exists, and he must also draw the inference." Id.

14 In order to proceed against the Jail or the Sheriff's Department on allegations of
15 cruel and unusual punishment, Plaintiff must allege that "a deliberate policy, custom, or
16 practice . . . was the 'moving force' behind the constitutional violation . . . suffered."
17 Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio,
18 v. Harris, 489 U.S. 378, 385 (1989). Under this route, the plaintiff must satisfy traditional
19 § 1983 requirements and show that "the municipality acted with 'the state of mind
20 required to prove the underlying violation.'" Gibson v. County of Washoe, 290 F.3d 1175,
21 1187 (2002) (quoting Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 404
22 (1994)). Here, that standard is deliberate indifference. See Farmer v. Brennan, 511 U.S.
23 825, 834 (1994).

24 Alternatively, municipal liability may be imposed where the local government unit's
25 omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186.
26 Under this route to municipal liability, the "plaintiff must show that the municipality's
27 deliberate indifference led to its omission and that the omission caused the employee to
28 commit the constitutional violation." Id. This kind of deliberate indifference is found when

4

the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

### A.     Unsanitary Conditions

Plaintiff's allegation that she is housed in an area with unsanitary conditions that have affected her health is a sufficiently serious deprivation to state a conditions of confinement claim. The Ninth Circuit has determined that "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (holding an inmate must demonstrate that the sanitary limitations imposed on him or her were more than temporary), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir.1995).

Plaintiff has not named any individual Defendants in this action. She therefore has not pled that any particular person knew of, but disregarded, a substantial risk to her health or safety caused by the unsanitary conditions. Instead, Plaintiff proceeds against the Fresno County Jail and Fresno County Sheriff's Department. Plaintiff appears to allege that the Jail and/or Sheriff's Department has a policy of housing female inmates at a particular institution. However, she has not alleged facts to show that municipal policy makers know that this policy will expose inmates to unconstitutional conditions of confinement. Plaintiff's conclusory allegation that the Sheriff's Department knows that the conditions are unsafe and unhealthy is insufficient, as is Plaintiff's allegation that the jail at one time was condemned.

Plaintiff previously was advised of the standard for stating a claim for municipal liability, but has failed to cure this deficiency. She will be given one final opportunity to amend.

### B.     Insufficient Space

Plaintiff claims that there is too little space for inmates to sleep and eat. This allegation was not raised in Plaintiff's original complaint. (ECF No. 1.) She previously

was advised that leave to amend was not given for the purpose of adding new claims. Nevertheless, the Court will address Plaintiff's claim.

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); see also Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has resulted in a constitutional violation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding itself is not an Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff does not describe what, if any violation has resulted from possible overcrowding at the Fresno County Jail. She states that four inmates are housed in a ten by ten room, which, admittedly, is a very small space. However, she does not state whether or to what extent inmates are restricted to this space or whether other space is available for regular activities. Accordingly, Plaintiff fails to state a claim on this basis.

**C.   Exercise**

Plaintiff states that jail inmates are not provided a separate room to exercise. Again, this claim was not raised in Plaintiff's original complaint. Nevertheless, it will be addressed.

The mere fact that Plaintiff is not afforded a specific exercise room does not state a constitutional violation. A total deprivation of regular outdoor exercise over an extended period may be sufficient to meet the objective requirement of the Eighth Amendment analysis. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88 (forty-five minutes of outdoor exercise per week for six weeks

meets objective Eighth Amendment requirement). However, Plaintiff has not alleged such a deprivation. Accordingly, this allegation fails to state a claim.

## V.   CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a cognizable claim for relief.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, her amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 7) is DISMISSED for failure to state a claim upon which relief may be granted,
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of her first amended complaint filed March 4, 2016,
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply

with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   March 18, 2016              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE