1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LATONIA JONES,                          CASE No. 1:16-cv-00132-MJS (PC)

12              Plaintiff,                    **ORDER DISMISSING ACTION WITH**
                                              **PREJUDICE FOR FAILURE TO STATE A**
13         v.                                 **CLAIM**

14   FRESNO COUNTY JAIL,                      **(ECF No. 10)**

15              Defendant.                    **DISMISSAL COUNTS AS A STRIKE**
                                              **PURSUANT TO 28 U.S.C. § 1915(g)**
16
                                              **CLERK TO TERMINATE ALL PENDING**
17                                            **MOTIONS AND CLOSE CASE**

18

19

20

21         Plaintiff is a County Jail inmate proceeding pro se and in forma pauperis in this

22   civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) She has

23   consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared

24   in the action.

25         Plaintiff's complaint was dismissed for failure to state a claim, and she was given

26   leave to amend. (ECF No. 6.) Her first amended complaint is before the Court for

27   screening.

28

1    I.    **SCREENING REQUIREMENT**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

4    § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

5    raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion

8    thereof, that may have been paid, the court shall dismiss the case at any time if the court

9    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

10   be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11   II.   **PLEADING STANDARD**

12         Section 1983 "provides a cause of action for the deprivation of any rights,

13   privileges, or immunities secured by the Constitution and laws of the United States."

14   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

15   Section 1983 is not itself a source of substantive rights, but merely provides a method for

16   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

17   (1989).

18         To state a claim under § 1983, a plaintiff must allege two essential elements:

19   (1) that a right secured by the Constitution or laws of the United States was violated and

20   (2) that the alleged violation was committed by a person acting under the color of state

21   law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

22   1243, 1245 (9th Cir. 1987).

23         A complaint must contain "a short and plain statement of the claim showing that

24   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

25   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

26   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

27   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

28   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

1    that is plausible on its face." Id. Facial plausibility demands more than the mere

2    possibility that a defendant committed misconduct and, while factual allegations are

3    accepted as true, legal conclusions are not. Id. at 677-78.

4    **III.    PLAINTIFF'S ALLEGATIONS**

5         Plaintiff is an inmate serving a four year term at the Fresno County Jail. She

6    names as defendants (1) the Fresno County Jail Administration Staff, (2) the Sheriff's

7    Department, and (3) Sheriff Mims.

8         Aside from the inclusion of additional defendants, Plaintiff's allegations are

9    repeated verbatim from her first amended complaint and may be summarized essentially

10   as follows.

11        There is mildew, black mold, and rust in the shower and living area of the jail.

12   According to Plaintiff, the jail is 100 years old and has been condemned three times. The

13   Sheriff's Department knows that the conditions in the jail are unsafe and unhealthy but

14   continues to house inmates there. As a result of the living conditions, Plaintiff has black

15   and red spots all over her body. Medical staff has been unable to identify the spots and

16   has referred Plaintiff to a specialist. Plaintiff must undergo breathing treatments three to

17   six times per month. She uses an inhaler twice a day and has high blood pressure.

18        Plaintiff alleges that these conditions violate her Eighth Amendment right to be

19   free from cruel and unusual punishment. She seeks "medical help," money damages,

20   and to be moved to a different jail facility.

21   **IV.    ANALYSIS**

22        The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

23   prisoners from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825,

24   832 (1994); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386,

25   395 n.10 (1989). Under the Eighth Amendment, a conditions of confinement claim has

26   both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the

27   deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the

28   minimal civilized measure of life's necessities." Id.  "[E]xtreme deprivations are required

to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. Second, the prison official must have acted with "deliberate indifference" to a substantial risk of serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In order to proceed against the Jail or the Sheriff's Department on allegations of cruel and unusual punishment, Plaintiff must allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Under this route, the plaintiff must satisfy traditional § 1983 requirements and show that "the municipality acted with 'the state of mind required to prove the underlying violation.'" Gibson v. County of Washoe, 290 F.3d 1175, 1187 (2002) (quoting Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 404 (1994)). Here, that standard is deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Alternatively, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Plaintiff's allegation that she is housed in an area with unsanitary conditions that have affected her health is a sufficiently serious deprivation to state a conditions of

4

1   confinement claim. The Ninth Circuit has determined that "subjection of a prisoner to lack

2   of sanitation that is severe or prolonged can constitute an infliction of pain within the

3   meaning of the Eighth Amendment." <u>Anderson v. Cnty. of Kern</u>, 45 F.3d 1310, 1314 (9th

4   Cir. 1995) (holding an inmate must demonstrate that the sanitary limitations imposed on

5   him or her were more than temporary), <u>opinion amended on denial of reh'g</u>, 75 F.3d 448

6   (9th Cir.1995).

7           However, Plaintiff fails to allege deliberate indifference. Although Plaintiff now

8   names Sheriff Mims and unspecified Jail "Administration Staff" as defendants, she does

9   not allege any facts regarding these defendants. She therefore has not pled that any

10  particular person knew of, but disregarded, a substantial risk to her health or safety

11  caused by the unsanitary conditions. And, Plaintiff's claims against the Fresno County

12  Jail and Fresno County Sheriff's Department fail for the reasons stated in the Court's

13  prior screening order. Plaintiff appears to allege that the Jail and/or Sheriff's Department

14  has a policy of housing female inmates at a particular institution. However, she has not

15  alleged facts to show that municipal policy makers know that this policy will expose

16  inmates to unconstitutional conditions of confinement. Plaintiff's conclusory allegation

17  that the Sheriff's Department knows that the conditions are unsafe and unhealthy is

18  insufficient, as is Plaintiff's allegation that the jail at one time was condemned.

19          Plaintiff twice has been advised of these legal standards and of the deficiencies in

20  her complaints but has failed to cure them. Further leave to amend would be futile and

21  will be denied.

22  **V.    CONCLUSION AND ORDER**

23          Plaintiff's second amended complaint fails to state a cognizable claim. She

24  previously was advised of pleading deficiencies and afforded the opportunity to correct

25  them. She failed to do so. Any further leave to amend reasonably appears futile and will

26  be denied.

27          Accordingly, it is HEREBY ORDERED that:

28          1.      The action is DISMISSED with prejudice for failure to state a claim;

2.     Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

3.     The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated:   April 13, 2016                          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE